United States District Court
District of Massachusetts

|  |  |
|---|---|
| Dhaval Amratbhai Patel, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 26-12384-NMG |
| Antone Moniz, et al., ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM & ORDER

GORTON, J.

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Dhaval Amratbhai Patel ("Patel" or "petitioner"). He contends that Antone Moniz and other named respondents have refused to grant him a bond hearing despite his contention that he is eligible for such a hearing under 8 U.S.C. §1226(a).

The government concedes that should the Court follow the reasoning set forth in Lema Zamora v. Noem, No. 25-cv-12750-NMG, 2025 WL 2958879 (D. Mass. Oct. 17, 2025), it would reach the same result here and find that petitioner's detention is controlled by §1226 rather than §1225(b). The government notes, however, that before an Immigration Judge ("IJ") can consider any request for bond under §1226(a), the IJ would need to first

-1-

determine if petitioner is subject to mandatory detention pursuant to §1226(c).

Section 1226(c)(1)(E) of Title 8 of the United States Code provides that the Attorney General shall take into custody any noncitizen who is inadmissible and falls into several categories of criminal offenses.  In January, 2025, the Laken Riley Act expanded the category of qualifying crimes by mandating detention for a noncitizen who

> is charged with, is arrested for . . . acts
> which constitute the essential elements of .
> . . . any crime that results in death or
> serious bodily injury to another person[.]

Laken Riley Act, Pub. L. No. 119-1, 139 Stat. 3 (2025); 8 U.S.C. §1226(c)(1)(E)(ii).  The term "serious bodily injury" is defined with respect to the jurisdiction in which the act occurred. §1226(c)(2).

As relevant here, on May 16, 2026, two days prior to his arrest by Immigration and Customs Enforcement ("ICE"), petitioner was arrested for Assault and Battery with a Dangerous Weapon after allegedly hitting a man with a baseball bat during an altercation at the convenience store at which petitioner worked, in violation to M.G.L. ch. 265, §15.  That statute provides that:

> Whoever commits an assault and battery upon
> another by means of a dangerous weapon shall
> be punished by imprisonment in the state
> prison for not more than 10 years. . . .

-2-

> Whoever . . . by means of a dangerous weapon, commits an assault and battery upon another and by such assault and battery causes serious bodily injury. . . shall be punished by imprisonment in the state prison for not more than 15 years. . . . For the purposes of this section, "serious bodily injury" shall mean bodily injury which results in a permanent disfigurement, loss or impairment of a bodily function, limb or organ, or a substantial risk of death.

The plain language of the statute makes clear that serious bodily injury is not an essential element of the offense. Indeed, the police report submitted by petitioner does not indicate that the victim sustained any injuries and notes that he refused emergency medical treatment. Because there is no indication that petitioner was arrested for a crime that caused serious bodily injury, the Laken Riley Act does not apply.

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **ALLOWED**. The Court directs that Patel is to be released unless he is afforded a bond hearing that complies with the standards in Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), within seven days of the date of this order.

**So ordered.**

Nathaniel M. Gorton
Senior United States District Judge

Dated: June 1, 2026

-3-